RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
2/4/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

AMIT KUMAR MANGALBHAI PATEL        DOCKET NO.14-cv-3242; SEC. P
A.K.A. AMITKUMAR MANGALBHAI PATEL
Alien No. 077-690-865

VERSUS                            JUDGE DRELL

WARDEN, ET AL.                    MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) by pro se Petitioner Amit Kumar Mangalbhai Patel. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). At the time of filing, he was detained at the LaSalle Detention Center in Jena, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. On December 3, 2014, a Report and Recommendation was issued recommending that the petition be dismissed without prejudice. [Doc. #5] Petitioner filed an objection to the Report and Recommendation, which was signed on December 12, 2014, providing clarification as to certain dates presented in the original petition. However, an order sent to Petitioner on January 26, 2014, from the Court was returned from LaSalle Correctional with a notation that Petitioner was no longer there. [Doc. #8] According to ICE's online inmate locator service, Petitioner was removed from the United States. Upon

further inquiry to ICE by the Court, it was confirmed that Petitioner was removed on December 17, 2014.

Petitioner claimed that he was being detained beyond the presumptively reasonable six-month period permitted under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). After the six-month period, ***once the alien provides good reason to believe that there is no significant likelihood of removal in the foreseeable future***, the government must respond with evidence sufficient to rebut that showing. Id. Establishment of a 6-month presumptive period does not require the release of every alien not removed within 6 months. Id. An alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id.

Petitioner has been removed from the Unite States. Thus, he cannot show that there is no significant likelihood of removal in the foreseeable future. His Zadvydas claim, the only claim raised in his petition, is now moot. Article III, Section 2, of the Constitution extends the "judicial Power" of the United States to actual "Cases" and "Controversies." A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. See Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Such is the case for Petitioner Patel.

2

## *Conclusion*

Accordingly, the previous **REPORT AND RECOMMENDATION** [Doc. #5] is hereby **WITHDRAWN**.  **IT IS RECOMMENDED** that Patel's petition be **DISMISSED AS MOOT**, since he has been deported and is no longer being detained pending removal.

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day

of February, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4